**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10084 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-08008-SMB-1 |
| v. | |
| MACKENZIE DAVIS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted May 11, 2021**
Pasadena, California

Before: BYBEE and BRESS, Circuit Judges, and CARDONE,*** District Judge.

Mackenzie Davis appeals his criminal convictions for: (1) deprivation of

rights while acting under color of law in violation of 18 U.S.C. § 242; (2) abusive

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

sexual contact in Indian Country in violation of 18 U.S.C. §§ 1153 and 2244(b); and (3) altering, concealing, or destroying evidence with the intent to obstruct a federal investigation in violation of 18 U.S.C. § 1519. Davis also appeals his fifty-one-month sentence on these counts. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1.     Assuming the district court erred in admitting Shantel Kaye's trial testimony regarding Davis's prior sexual assaults pursuant to Rule 413, "[r]eversal is not required if there is a fair assurance of harmlessness or, stated otherwise, unless it is more probable than not that the error did not materially affect the verdict." *United States v. Lague*, 971 F.3d 1032, 1041 (9th Cir. 2020) (internal quotation marks and citations omitted). We have "found harmless error despite the erroneous admission of evidence where the properly admitted evidence was highly persuasive and overwhelmingly pointed to guilt." *Id*. (internal quotation marks and citation omitted). Setting aside Kaye's testimony, the evidence of Davis's guilt included the victim's firsthand account of Davis's sexual assault, a high probability that Davis's DNA was on the victim's bra, and the fact that Davis took a picture of the victim's bare breasts with his cell phone, then deleted it. Because the government otherwise submitted highly persuasive and overwhelming evidence of Davis's guilt at trial, any error in the district court's admission of Kaye's Rule 413 testimony was harmless. *See Lague*, 971 F.3d at 1041.

2

2.     The evidence was sufficient to support Davis's conviction for altering, concealing, or destroying evidence in violation of 18 U.S.C. § 1519.  We review *de novo* the sufficiency of the evidence.  *United States v. Kaplan*, 836 F.3d 1199, 1211 (9th Cir. 2016); *In re Bammer*, 131 F.3d 788, 791–92 (9th Cir. 1997).  When the government relies on a concealment theory of § 1519 liability, it must prove actual concealment.  *See United States v. Katakis*, 800 F.3d 1017, 1023, 1030 (9th Cir. 2015).  For actual concealment to exist, "there must be some likelihood that the item will not be found in the course of a cursory examination (without using forensic tools) of a defendant's computer."  *Id*. at 1030.  Stated differently, "[a]ctual concealment must do more than merely inconvenience a reasonable investigator—there must be some likelihood that the item will not be found."  *Id*.

Because the evidence here showed that an original photograph of the victim's exposed breasts had been deleted from Davis's cell phone and could not readily be recovered without the use of forensic tools, the evidence was sufficient to support the jury's verdict that Davis violated § 1519.  *See Katakis*, 800 F.3d at 1030; *see also United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (holding that in reviewing the sufficiency of the evidence, we decide "whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (internal quotation marks and citation omitted)).

3.    The district court did not abuse its discretion by increasing Davis's base offense level from twelve to sixteen based upon conduct described in 18 U.S.C. § 2242. *See* U.S.S.G. § 2A3.4(a)(2). In the sentencing context, "we review the district court's identification of the correct legal standard *de novo* and the district court's factual findings for clear error." *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). We review for abuse of discretion a district court's application of the Sentencing Guidelines to the facts of a given case. *Id*. In relevant part, the Sentencing Guidelines define "conduct described in 18 U.S.C. § 2242" as "engaging in, or causing sexual contact with, or by another person by threatening or placing the victim in fear (other than by threatening or placing the victim in fear that any person will be subjected to death, serious bodily injury, or kidnapping)." U.S.S.G. § 2A3.4(a)(2) cmt. n.3.

The district court's findings that Davis's non-sexual-assault behavior, including confining the victim in the back of his police car, commenting to the victim about the size of her breasts, and photographing the victim's exposed breasts, caused the victim to experience fear, are not clearly erroneous. Reversal of Davis's sentence on this basis is thus not warranted. *See In re Bundy*, 840 F.3d 1034, 1041 (9th Cir. 2016).

Nor did the district court err by applying the preponderance of the evidence standard in lieu of the clear and convincing evidence standard at Davis's

4

sentencing hearing. We use a six-factor test to decide whether the clear and convincing standard should be applied at sentencing, including whether: (1) the enhanced sentence falls within the statutory maximum sentence for the crime charged in the indictment; (2) the enhanced sentence negates the defendant's presumption of innocence or the prosecution's burden of proof; (3) the facts offered in support of the enhanced sentence create new offenses that require separate punishment; (4) the enhanced sentence is grounded in the extent of a conspiracy; (5) the offense level is increased by four or fewer levels; and (6) the length of the enhanced sentence will more than double the sentence prescribed by the initial Sentencing Guidelines range in cases where the defendant otherwise would have received a relatively short sentence. *See United States v. Valle*, 940 F.3d 473, 479 (9th Cir. 2019) (citations omitted). Since none of these six factors favor Davis, the district court properly applied the preponderance of the evidence standard at his sentencing hearing. *See United States v. Riley*, 335 F.3d 919, 927 (9th Cir. 2003).

**AFFIRMED**.